IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>STEWART TITLE GUARANTY COMPANY<br><br>Defendants. | Civil No. 21-1318<br><br><br><br>BREACH OF CONTRACT;<br>DECLARATORY JUDGMENT;<br>BAD FAITH; DAMAGES |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COMES NOW** DLJ Mortgage Capital, Inc., hereinafter referred to as "DLJ", through the undersigned attorney, and very respectfully states, alleges, and prays:

### I.   INTRODUCTION

1. On October 12, 2015, Defendants, Stewart Title Guaranty Company ("Stewart Title"), issued mortgage insurance policy No.: M99948472663 ("Policy"), **(Exhibit 1),** insuring a first mortgage encumbering certain real property located on: Apt. 109 Costa Luquillo Cond., in the Municipality of Luquillo, Puerto Rico, then belonging to mortgagor, Jorge Luis Azize Ortiz.

2. This is an action for breach of contract pertaining the actions and omissions of defendant, in relation to the coverage of its title insurance policies.

3. The referenced Policy insures the Plaintiff from the invalidity or unenforceability of DLJ's lien.

1

4. Despite various efforts made by DLJ and the preceding mortgage note holder, Banco Popular de Puerto Rico ("BPPR"), to collect on its claim under the Policy, Stewart Title has with temerity and bad faith declined to afford coverage under the Policy for Plaintiff's claim.

5. As such, DLJ brings this declaratory judgment, bad faith denial of insurance coverage and breach of contract action seeking indemnification as a result of Stewart Title's unjustified and unfounded refusal to honor the terms and conditions of the Policy.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the parties and this action pursuant to 28 USC §1132(a)(1) because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorney's fees.

7. Pursuant to 28 USC §1391(a), venue of this action is proper in this district because a substantial part of the events, acts or omissions giving rise to the asserted claims occurred in this district.

8. Trial by jury is demanded as to all the claims for damages asserted in this action.

9. All conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed.

## III. PARTIES

10. Plaintiff DLJ is a corporation duly organized and existing under the Laws of the State of Delaware, having its principal offices at 11 Madison Ave., 4th Floor New York, NY 10010-3629.

11. Defendant, Stewart Title, is a foreign corporation, or legal entity, that administers and issues, a title insurance as required by banks and the secondary market to their mortgage loans transactions, with its principal place of business in Texas, is organized and operating under the

laws of Texas. Defendant is responsible of the damages suffered by Plaintiff and is liable to Plaintiff and/or responsible for the payment of the losses suffered by Plaintiff. By knowledge and/or information, its postal and physical address is: 1980 Post Oak Blvd., Ste. 800, Houston, TX 77056.

## IV.   FACTS

12. On October 12, 2005, Property Owner, Jorge Azize Ortiz, bought the property through Purchase-Sale Deed number 1,564 ("Purchase-Sale Dedd") before Public Notary, Luis A. Archilla Díaz, Esq., for the amount of $225,000.00.

13. Also on October 12, 2005, Property Owner, Jorge Azize Ortiz, and Doral Bank ("Doral") signed a promissory note ("Note") (**Exhibit 2**) and First Mortgage Deed Number 1,565 ("First Mortgage") (**Exhibit 3**) before the same Public Notary, Luis A. Archilla Díaz, Esq., for the amount of $175,000.00, which was insured for the same quantity by Stewart Title.

14. Stewart title issued the above Policy to ensure the holder of the note against loss due to the invalidity or unenforceability of its lien and/or the priority of any lien or encumbrance over the lien of the uninsured mortgage.

15. On November 3, 2005, both deeds were filed at Entries 1111 and 1112, respectively, of Book 207, Property number 4,015 of the Property Registry of Fajardo, Luquillo Section.

16. All documents available to the Registry, while evaluating the First Mortgage, were the same documents available to Stewart Title prior to the issuance of the Policy. Defendant very well knew the facts and circumstances of the documents of the Property at the Registry and, as such, assumed the risk of any defects said deed could have, including an impediment on its recording.

17. On December 5, 2006, the Registry notified Public Notary, Luis A. Archilla Díaz, Esq., who authorized the Purchase-Sale Deed and the First Mortgage, of some defects on said deeds, which impaired its recording. Said notifications lapsed on February 5, 2007, since no corrections were made. Under Puerto Rico Law the mortgage deed needs to be recorded to be perfected.

18. On July 4, 2016, the Property Owner filed bankruptcy under Chapter 11 (16-05338-MCF11). On August 8, 2016, previous creditor, Banco Popular de Puerto Rico ("BPPR"), filed proof of claim no. 10. Later, on March 8, 2018, debtor's plan was confirmed.

19. On April 17, 2018, claim no. 10 was transferred to DLJ Mortgage Capital, Inc in Case No. 16-05338-MCF11. On that same date, debtor filed the Application for Final Decree informing that a payment to claim no. 10 was made on April 3, 2018.

20. On July 12, 2018, final decree was entered, and debtor's obligations were discharged. At the moment of said discharge, both, the Purchase-Sale Deed and the First Mortgage, had not yet been recorded.

21. On June 24, 2019, Property Owner, Jorge Azize Ortiz, sold the property free of liens to a third party for $179,000.00, through a Purchase-Sale Deed number 13, before Notary Public, Héctor A. Aldarondo Rodríguez, Esq.

22. On November 28, 2016, BPPR originally submitted claim letter to Stewart Title, requesting indemnity and payment of $170,85.86 (payoff balance), and reserving the right to claim losses in excess of the coverage amount for unreasonable delay on Stewart Title's part in paying the claim. (**Exhibit 4.**) On December 7, 2016, Stewart Title sent BPPR a letter acknowledging the receipt of its claim ("Acknowledgement Letter"), File No. S023-0279418-16. (**Exhibit 5.**) On July 3, 2020, DLJ supplemented the production of all relevant documents and information required by

Stewart Title for the compensation of its loss and reiterated its request to be paid as per the terms of the policy.

23.     As per letter dated September 10, 2020, Stewart Title did not grant coverage under the policy and alleged that any liability would be "limited pursuant to the terms of the Policy to reimbursement of actual loss, with the maximum liability capped at the amount of insurance committed."  To that regard, Stewart Title alleged that the under their interpretation of the definition of "actual loss", DLJ's actual loss is equivalent to the amount it paid to purchase the insured mortgage. (**Exhibit 6.**)

24.     DLJ sent letter to Stewart Title on March 11, 2021, stating that it has the right to be compensated for the full amount owed by the borrowers of the loan, which is the actual loss under the policy, and reiterating request for payment. Under Puerto Rico Law, title insurance policies issued in favor of a mortgagee are known as Mortgage Policies, which guarantee to him or his assignee the real right to the mortgage that he has over the mortgaged real property, said guarantee consisting of an indemnity for the balance of the debt guaranteed by the mortgage in the event of a defect in the property title which will affect the validity of said mortgage guarantee. Pérez Sánchez v. Advisos Mortg. Inv'rs, Inc., 130 D.P.R. 530, 541 (1992).

25.     On the same date, March 11, 20121, Stewart Title informed that it has not denied coverage and that the only thing left is simply to determine the amount of the loss covered under the policy.

26.     DLJ has followed up with Stewart Title on multiple occasions, but Stewart Title has not issued the payment. Stewart Title incurred in bad faith delaying the payment of the full amount covered under the policy based on its request for information regarding DLJ's purchase of

the loan which is irrelevant to the title claim. Thus, DLJ has been forced to file this Complaint in order to get effective coverage and payment from Stewart Title.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT AND NEGLIGENT MISREPRESENTATION

27. Plaintiff realleges and reavers each and every allegation contained before, as if delineated herein.

28. Stewart Title further breached its contract with plaintiff and/or acted negligently by the following actions:

(a) failing to respond to written/verbal requests and correspondence in a timely manner;

(b) failing to properly and timely adjust this case consistent with insurance industry standards;

(c) failing to provide any reasonable basis for denying coverage payment on this claim now months following the incident;

(d) failing to meet its duty owed to plaintiff to engage in good faith and fair dealings; and

(e) any other actions or omissions that will establish bad faith, breach of contract and/or negligence which will be proven at the trial on the merits.

29. Stewart Title's previously stated actions constitute a blatant breach of the insurance agreement entered for the issuance of the Policy, as well as a violation of the Puerto Rico Insurance Code, P.R. Laws Ann. Tit. 26, §101 et seq., and the Puerto Rico Civil Code, P.R. Laws Ann. Tit 31, §2991, et seq.

**SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT**

30. Plaintiff realleges and reavers each and every allegation contained before, as delineated herein.

31. Stewart Title has admitted that there is no controversy as to the coverage under the policy, and that the only controversy is as to the amount of the coverage.

32. Plaintiff seeks a declaratory judgment for the purposes of determining there is no question as to the existence of coverage under the Policy, and for the purposes of a question of actual controversy between the parties concerning the amount and/or limit of the Policy.

33. Plaintiff seeks a declaration that the title guaranty policy provides full insurance coverage, under the facts of this claim, for any and all loss or prejudice which prevents Plaintiff's collection of its debt, consisting of an indemnity for the balance of the debt guaranteed by the mortgage in view of the defect that affects the validity of said mortgage guarantee.

34. Plaintiff seeks a declaration that DLJ is entitled to payment of its claim of the outstanding balances of the Loan secured by the Mortgage, as per the Policy, for the total sum of $200,136.92 as of the present date. (**Exhibit 7.**)

**THIRD CAUSE OF ACTION: UNJUST ENRICHMENT**

35. Plaintiff realleges and reavers each and every allegation contained before, as if delineated herein.

36. Despite realizing substantial premium from Plaintiff, Stewart Title has withheld the insurance proceeds owed to Plaintiff for the inability of DLJ to collect its debt.

37. Stewart Title has therefore been unjustly enriched at Plaintiff's expense.

**FOURTH CAUSE OF ACTION: BAD FAITH**

38. Plaintiff realleges and reavers each and every allegation contained before, as if delineated herein.

39. Stewart Title further breached its duty of good faith and fair dealing, as well as its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with Plaintiff by:

(a) failing to respond to written/verbal requests and correspondence in a timely manner;

(b) failing to properly and timely adjust this case consistent with insurance industry standards;

(c) failing to provide any reasonable basis for denying payment on this claim now months following the incident;

(d) failing to provide a property insurance contract that is unambiguous;

(e) failing to sufficiently pay plaintiffs for damages suffered by its inability to collect its debt;

(f) Defendant's failure and/or omissions constitute bad faith in that they were arbitrary and capricious, all of which entitles plaintiff to recover attorney's fees, costs and penalties as allowed by law; and

(g) any other acts or omissions to be shown at trial on the merits.

40. Stewart Title's unreasonable delays, inaction and overall bad faith have caused the interests due to increase to the point where the total debt now exceeds the Policy's coverage amount. As a result of their bad faith, Stewart Title should be held liable for any and all losses in excess of the coverage amount.

## FIFTH CAUSE OF ACTION: DAMAGES

41. Plaintiff realleges and reavers each and every allegation contained before, as if delineated herein.

42. Stewart Title has breached its obligations under the Policy by failing to pay and by ignoring DLJ's valid claim.

43. As a proximate result of defendant's negligence, Plaintiff sustained losses and had to incur in expenses, including attorney's fees.

44. As a further proximate result of defendant's negligence, DLJ is entitled to payment of its claim of the outstanding balances of the Loan secured by the Mortgage, as per the Policy, for the total sum of $200,136.92, as of June 10, 2021, which increases monthly.

45. Further, with regard to the relief to which an insured is entitled when their insurance company breaches its contractual duties, the Supreme Court of Puerto Rico has stated that costs and attorney's fees should be awarded. *Vega v. Pepsi-Cola Bot. Co.*, 118 D.P.R. 661 (1987); *Mun. of San Juan v. Great America, Ins. Co.*, 117 D.P.R. 632 (1986).

### VI.   RELIEF

**WHEREFORE**, DLJ respectfully request this Honorable Court to determine that DLJ's claim is covered under the Policy and that Stewart Title has breached its obligation toward DLJ to indemnify Plaintiff in case of invalidity or unenforceability of the Mortgage, and order the Defendant to pay Plaintiff the sum of $200,136.92, as of the present date, which increases monthly, plus interests, costs, expenses, and attorney's fees, including such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 8th day of July, 2021.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**ANTONETTI MONTALVO & RAMIREZ COLL**
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0303
Fax: (787) 977-0323

**s/ Omar Hopgood-Muñoz**
OMAR J. HOPGOOD-MUÑOZ
USDC-PR No. 229306
ohopgood@amrclaw.com


**s/ Jorge M. Carazo-González**
JORGE M. CARAZO-GONZALEZ
USDC-PR No. 230106
jcarazo@amrclaw.com