IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>STEWART TITLE GUARANTY COMPANY<br><br>Defendants. | Civil No. 21-cv-01318-SCC<br><br><br><br>BREACH OF CONTRACT;<br>DECLARATORY JUDGMENT;<br>BAD FAITH; DAMAGES |

**MOTION FOR SUBSTITUTION OF PLAINTIFF AND
REQUEST FOR LEAVE FILE AMENDED COMPLAINT**

**TO THE HONORABLE COURT**:

**COMES NOW** Plaintiff DLJ Mortgage Capital, Inc. (hereinafter referred to as "DLJ"), through the undersigned counsel, and very respectfully states and prays:

**I. INTRODUCTION AND FACTUAL BACKGROUND**

1.      On July 8, 2021, DLJ Mortgage Capital, Inc., ("DLJ"), a Delaware corporation with principal place of business in New York, filed the Complaint in this case for breach of contract, declaratory judgment and damages in this case against Defendant Stewart Title Guaranty Company ("Stewart Title"), a corporation organized under the Laws of and with principal place of business in Texas. (*See,* **Docket No. 1**).

2.      The Complaint was filed in error on behalf of DLJ based on an endorsement in favor of DLJ included in the copy of the promissory note ("Note") (**Docket No. 1 - 2**). Plaintiff omitted the reference to a subsequent endorsement in blank and the fact that Legacy Mortgage Asset Trust 2019-GS5 ("Legacy") is the current holder of the note and real party in interest to prosecute the cause of action alleged in the Complaint.

3. On September 13, 2021, Stewart Title field Answer to Complaint, alleging, among other affirmative defenses, lack of standing by DLJ. (*See,* **Docket No. 13**).

4. Upon further investigation, the undersigned counsel recently came into knowledge that, <u>prior</u> to the commencement of the action of caption, the Note was endorsed in blank and transferred in favor of Legacy Mortgage Asset Trust 2019-GS5 ("Legacy"), a statutory trust organized under the Laws of Delaware with principal offices at Wheaton, IL. Hence, Legacy is the real party with standing to proceed with this case as the named party plaintiff. (**Exhibit A**, Sworn Statement.)

5. In light of the above, pursuant to Federal Rules of Civil Procedure 15 and 17, DLJ respectfully moves the Court to order the substitution of DLJ for Legacy as the named party plaintiff and grant leave to file the Amended Complaint attached herein, with the exclusive purpose of: (a) substituting Plaintiff, DLJ, for the correct party in interest and current holder of the Note, Legacy Mortgage Asset Trust 2019-GS5; and (b) substituting the Note (at Docket No. 1-2), for the correct and updated copy of said Note with the endorsement in favor of Legacy Mortgage Asset Trust 2019-GS5.[1]

## II. LEGAL STANDARD REGARDING RULES 17 AND 15 OF FED.R.CIV.P.

6. Federal Rule of Civil Procedure 17, in its pertinent section, states the following:

(a) Real Party in Interest.
(1) *Designation in General.* An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:
(A) an executor;
(B) an administrator;
(C) a guardian;
(D) a bailee;

---

[1] The proposed Amended Complaint also adds an alternative Relief request that states as follows: "In the alternative, order the Defendant to pay Plaintiff the sum established as the policy limit, plus interests, costs, expenses, and attorney's fees, including such other and further relief as this Court deems just and proper."

(E) a trustee of an express trust;
(F) a party with whom or in whose name a contract has been made for another's benefit; and
(G) a party authorized by statute.
[…]
(3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest. …"

7.  Fed.R.Civ.P. 17 applies to a transfer of interest prior to the initiation of the suit, while Rule 25(c), controls the substitution of parties due to transfer of interest occurring after the suit is filed. F.D.I.C. v. Deglau, 207 F.3d 153, 159 (3d Cir 2000) (Rule 17(a) governs who may bring a suit at the time of filing; thus it considers transfers of interest that occur prior to filing; however, once case is filed, the impact of post-filing transfer is governed by Rule 25(c)).

8.  The preferred remedy is to allow the party an opportunity to amend so that the action thereafter can be prosecuted by the party with real interest. Esposito v. U.S., 368 F.3d 1271, 1272 (10th Cir. 2004) (party bringing action is entitled, after objections to reasonable time to substitute real party in interest; such a right requires only that the party's original mistake was honest); Dunmore v. U.S., 358 F.3d 1107, 1112 (9th Cir. 2004) (purpose behind allowing Plaintiff to cure defect without dismissal is to prevent plaintiff from being time-barred for "understandable mistake").

9.  Dismissal is a disfavored remedy for violation of the requirement to name the real party in interest as plaintiff, until said party in interest has had reasonable opportunity to join litigation. Intown Properties Management, Inc. v. Wheaton Van Lines, Inc., 271 F3d. 164, 170 (4th Cir. 2001).

10. Federal Rule of Civil Procedure 15, in its pertinent section, states the following:

(a) Amendments Before Trial.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. **The court should freely give leave when justice so requires**.

(3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. […] (Emphasis ours).

11.     Fed.R.Civ.P. 15(d) of has been viewed as an appropriate mechanism for pleading newly arising facts necessary to demonstrate standing. See U.S. ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 15 (1st Cir. 2015) (citing Northstar Fin. Advisors, Inc. v. Schwab Invs., 779 F.3d 1036, 1044–45 (9th Cir. 2015)).

12.     In Yan v. ReWalk Robotics Ltd., 973 F.3d 22, 36–37 (1st Cir. 2020), the Court ruled:

> We also see no reason why this permissiveness does not extend to motions seeking to add a named party asserting the exact same claim that is already pleaded in the complaint.  See Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n, 814 F.2d 32, 34–36 (1st Cir. 1987) (citing the advisory committee's note to the 1966 amendment to Federal Rule of Civil Procedure 15, which states that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs," and allowing an amendment to substitute the assignee where the original plaintiff had assigned its claims in their entirety, which otherwise would have precluded any recovery).
>
> Federal Rule of Civil Procedure 17 would not make much sense if the district court [revoked] were correct. The rule expressly anticipates the possibility that a complaint might be brought by someone who turns out not to be the party in interest (i.e., is not the person who has standing to prosecute the claim). See generally Morcelo-Martinez v. Welfare Fund ILA-PRSSA, 972 F.2d

337 (1st Cir. 1992) (affirming dismissal where plaintiffs "lacked standing to bring this action since they were not the real parties in interest"); MHI Shipbuilding, LLC v. Nat'l Fire Ins. Co. of Hartford, 286 B.R. 16, 27–28 (D. Mass. 2002) (discussing the general interaction between standing and Rule 17(a)). The rule expressly admonishes that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). And the mechanism often used to substitute in the party with standing to press the claim is Rule 15.

See Fed. R. Civ. P. 15 advisory committee's note to 1966 amendment (emphasizing that Rule 15(c)(3) "extends by analogy to amendments changing plaintiffs"); see also 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1555 (3d ed. 2020) ("Rule 15(c) has been used in conjunction with Rule 17(a) to enable an amendment substituting the real party in interest to relate back to the time the original action was filed.").

13. Moreover, in Blades v. Morgalo, 743 F. Supp. 2d 85, 91–92 (D.P.R. 2010), the Court stated:

> The cross-defendants argue that amending the pleadings at this point in the proceedings would prejudice the cross-defendants, re-open discovery, create additional costs and make substantial changes to the course of the case. The court disagrees. …
>
> Amendments substituting new plaintiffs are liberally allowed where the new plaintiff is the real party in interest, or where because of a mistake as to capacity the wrong party-plaintiff was named." *Cape Ann Investors, LLC v. Lepone,* 171 F.Supp.2d 22, 29 n. 10 (D.Mass.2001) (citing Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1501 (3d ed. 2010)). Id.

## III.  ARGUMENT

14. In the case of caption, the transfer of interest from DLJ to Legacy occurred prior to the initiation of the suit. (**Exhibit A**, Sworn Statement.) Pursuant to the above cited case law, Fed.R.Civ.P. 15 is the correct vehicle for substituting a plaintiff due to transfer of interest prior to the initiation of the suit.

15. Plaintiff acted in good faith and first became aware of this honest mistake when notified of defendants' affirmative defenses, and promptly proceeded to investigate the matter and has been diligent in requesting correction of this honest mistake.

16. The substitution of Plaintiff requested herein and the filing of the Amended Complaint on behalf of the real part in interest Legacy, will not destroy the jurisdiction of this Honorable Court based on diversity of citizenships.

17. In view of the case status which is at an early stage of the proceedings, the substitution of plaintiff and the filing of the Amended Complaint will not prejudice the Defendant, create additional costs nor make substantial changes to the course of the case. Moreover, the undersigned counsel would continue with the representation of new Plaintiff Legacy Mortgage Asset Trust 2019-GS5.

18. In light of the above, the requested leave to file amended complaint is proper pursuant to Fed.R.Civ.P. 15 and 17, and the relevant caselaw.

## IV. CONCLUSION AND RELIEF

**WHEREFORE**, DLJ respectfully request this Honorable Court to order the substitution of DLJ for Legacy Mortgage Asset Trust 2019-GS5 as the named party plaintiff and grant leave to file the Amended Complaint attached herein, with the exclusive purpose of: (a) substituting the name of the Plaintiff, DLJ, for the correct party in interest and current holder of the Note, Legacy Mortgage Asset Trust 2019-GS5; (b) substituting the Note (at Docket No. 1-2), for the correct and updated copy of said Note with the endorsement in favor of Legacy Mortgage Asset Trust 2019-GS5; and (c) adding an alternative Relief Request.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 4th day of February, 2022.

**ANTONETTI MONTALVO & RAMIREZ-COLL**
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0303
Fax: (787) 977-0323

**s/ Omar Hopgood-Muñoz**
OMAR HOPGOOD MUÑOZ
USDC-PR No. 229306
ohopgood@amrclaw.com


**s/ Jorge M. Carazo-González**
JORGE M. CARAZO-GONZALEZ
USDC-PR No. 230106
jcarazo@amrclaw.com